```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                             Crim. Action No. 1:20-CR-50
                                                                        (Kleeh)

**TAYLOR WASHINGTON,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

    This case arises out of a July 5, 2020, encounter in Bridgeport, West Virginia, between a police officer and the defendant, Taylor Washington, that led to the discovery of an unlawfully possessed firearm. Pending before the Court is a motion to suppress physical evidence filed by Defendant Taylor Washington through counsel. [ECF No. 27]. For the reasons set forth below, the Court hereby **ADOPTS** United States Magistrate Judge Aloi's Report and Recommendation [ECF No. 34], **DENIES** the pending motion to suppress [ECF No. 27], and **OVERRULES** Defendant's objection [ECF No. 41].

## I. PROCEDURAL HISTORY

    On September 1, 2020, the grand jury returned a one-count indictment, charging Defendant Taylor Washington ("Mr.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

Washington") with Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(g)(9), and 18 U.S.C. § 924(a)(2). [ECF Nos. 1-2]. The indictment included a forfeiture allegation. Id. On November 9, 2020, Mr. Washington moved to suppress evidence seized as a result of his July 5, 2020, encounter with Officer William Cunningham ("Officer Cunningham") of the Bridgeport Police Department. [ECF No. 27]. The Government filed a response in opposition to the motion to suppress. [ECF No. 30]. Pursuant to 28 U.S.C. § 636, this Court referred the motion to the United States Magistrate Judge for conducting a hearing and entering a report and recommendation as to the disposition of the motion. [ECF No. 29].

On November 12, 2020, the Magistrate Judge conducted an evidentiary hearing at which Officer Carey, Officer Cunningham, Mr. Washington, among others, testified as witnesses. The Government filed a supplemental response after the evidentiary hearing. [ECF No. 33]. The Court has reviewed the transcript of the evidentiary hearing. [ECF No. 46]. In the report and recommendation entered on November 13, 2020, the Magistrate Judge recommended that this Court deny Defendant's Motion to Suppress. [ECF No. 34]. Mr. Washington filed an objection to the R&R [ECF No. 41], and the Government filed a response to Mr. Washington's objection. [ECF No. 43].

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 3 of 18   PageID #: 500

Taylor Washington                                                    1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

## II. FACTS

The Court finds the following facts based on the testimony of witnesses at the suppression hearing, along with exhibits provided to the Court. The incident giving rise to Mr. Washington's Motion to Suppress began in the early morning hours of July 5, 2020 and involved Mr. Washington, his companion Kirstein Odell-Minor ("Ms. Odell-Minor"), Officer Jason Carey, and Officer Cunningham. Mr. Washington and Ms. Odell-Minor were together at a Super 8 Motel in Bridgeport, West Virginia, where they attempted to book a room. The Super 8 Motel desk clerk, Lisa Casto ("Ms. Casto"), denied both Mr. Washington and Ms. Odell-Minor service because the motel staff had identified drug paraphernalia in a room Mr. Washington had previously rented. Once Mr. Washington and Ms. Odell-Minor left the motel and called a taxi, Ms. Casto called 9-11 and reported to the operator that Mr. Washington was yelling and screaming at Ms. Odell-Minor. The CAD report provided to the officers prior to their arrival on scene was as follows: "Can hear male screaming and yelling at a female on foot. White female, tie-dye shirt, has a large purse. Black male is not allowed on the site due to a previous drug use. At the end of the driveway near the hotel -- near the big bushes." [ECF No. 46 at 38:2-13]. Officer Carey testified he did not learn who the 911 caller was nor whether the caller worked at the Super 8 Motel. Officer Cunningham

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 4 of 18   PageID #: 501

**Taylor Washington**                                                              1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

testified that he heard from dispatch that "[t]here was a domestic between a white female and a black male. They were at the entrance to the Super 8. Dispatch advised that the male had been not allowed back on the property for prior drug use, and I believe that was it." [ECF No. 46 at 52:9-14].

Officers Carey and Cunningham responded to the 9-11 call and arrived on scene, with Officer Cunningham arriving first at 5:43 a.m. He viewed Mr. Washington walking away from him in the parking lot of the Super 8 Motel and then through the parking lot of the Burger King. It then appeared to Officer Cunningham that Mr. Washington was walking toward a taxicab carrying by the handles a black and blue duffel bag. [ECF No. 46 at 55:24-56:10]. Officer Cunningham asked Mr. Washington to stop,[1] who put the bag on the ground and approached Officer Cunningham. Officer Cunningham explained to Mr. Washington that he was responding to a domestic, and Mr. Washington stated there was no domestic. Officer Cunningham noticed Mr. Washington becoming nervous, and that he began to speak more rapidly, and sweat. After seeing a Crown Royal bag[2] string on

---

[1] Officer Cunningham asked Mr. Washington to stop either once or twice. The testimony differs on this fact. Notably, the parties agree that once Mr. Washington stopped upon Officer Cunningham's order, Mr. Washington is at this point detained. [See ECF No. 46 at 115:16-118:12].
[2] Crown Royal is a blended Canadian whiskey sold in a plush velvet purple bag with gold stitching and drawstring.  The Court takes

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 5 of 18   PageID #: 502

Taylor Washington                                                    1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

Mr. Washington's person, Officer Cunningham searched Mr. Washington's person, retrieving $300.00, drugs, and drug paraphernalia. [ECF No. 46 at 60:11-61:9].

Upon placing Mr. Washington in handcuffs, he asked Officer Cunningham to wipe the sweat off of him, to which Officer Cunningham responded that he had nothing to use to assist Mr. Washington. Officer Cunningham noticed the duffel bag sitting on the ground and asked Mr. Washington if it was his; Mr. Washington denied that he owned the bag but stated that he had clothes in it. Officer Cunningham walked toward the duffel bag and noticed a rifle barrel and magazine laying on top of the bag and under a blue towel. Mr. Washington then asked for a towel from the duffel bag to use while sitting in the cruiser. In determining whether he could search the duffel bag, Officer Cunningham approached Ms. Odell-Minor and asked whether he could search the bag, and she said it was not hers and consented to the search nonetheless. Officer Cunningham searched the bag and found clothes inside. Because Mr. Washington's felony record prohibits him from

---

judicial notice of the distinctive appearance of this familiar bag. <u>See</u> Fed. R. Evid. 201. In Officer Cunningham's experience, a Crown Royal bag is often indicative of containing drug paraphernalia. [ECF No. 46 at 57:18-20].

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 6 of 18 PageID #: 503

**Taylor Washington**                                                              **1:20-cr-50**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

possessing a firearm, it is this firearm evidence Mr. Washington seeks to suppress.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. 636(b)(1)(B), a magistrate judge may be designated by a district court to consider motions to suppress evidence and statements as unconstitutionally obtained. After the magistrate judge has considered such motion, he must submit "'proposed findings of fact and recommendations for the disposition.'" Camry v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Parties are entitled to file written objections to the findings and recommendations of the magistrate judge, and if a party chooses to object within the allotted 14-day period, the district court shall make a de novo review of the findings and recommendations objected to. Id., 28 U.S.C. 636(b)(1)(C).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Any findings to which no party objects are upheld by the district court unless "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(C);

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 7 of 18   PageID #: 504

Taylor Washington                                                1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

## IV. GOVERNING LAW

The magistrate judge noted the well-stablished principle that the Fourth Amendment provides that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. Amend. IV. The Supreme Court of the United States has further held that warrantless seizures are "per se unreasonable under the Fourth Amendment, subject to only a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). One such exception is the investigative stop, which is also referred to as a Terry stop. Terry v. Ohio, 392 U.S. 1 (1968). A Terry stop has been held to be constitutional when the officer's action is supported by an articulable, reasonable suspicion that the person seized had engaged in criminal activity. United States v. Sokolov, 490 U.S.

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 8 of 18   PageID #: 505

**Taylor Washington**                                                              1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

1, 7 (1989). A brief detention for investigative purposes is reasonable if an officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Terry, 392 U.S. at 30; see also Turmon v. Jordan, 405 F.3d 202, 205 (4th Cir. 2005).

To determine whether reasonable suspicion exists, courts consider "the 'totality of the circumstances' to determine if the officer had a 'particularized and objective basis' for believing that the detained suspect might be armed and dangerous." United States v. George, 732 F.3d 296, 299 (4th Cir. 2013), cert. denied, 134 S.Ct. 1530 (2014) (citations omitted). A court reviews the stop or search "from the standpoint of an objectively reasonable police officer." Ornelas v. United States, 517 U.S. 690, 696 (1996).

"A host of factors can contribute to a basis for reasonable suspicion, including the context of the stop, the crime rate in the area, and the nervous or evasive behavior on the suspect." Id. (citing Illinois v. Wardlow, 528 U.S. 119, 124 (2000)). Multiple factors may together "create a reasonable suspicion even where each factor, taken alone, would be insufficient." Id. at 300 (citing United States v. Branch, 537 F.3d 328, 339 (4th Cir. 2008)). An individual's presence in a high-crime area is one factor that "carries no weight standing alone" and "may be considered

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 9 of 18   PageID #: 506

**Taylor Washington**                                                   **1:20-cr-50**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

along with more particularized factors to support a reasonable suspicion." United States v. Sprinkle, 106 F.3d 613, 617 (4th Cir. 1997). Other factors include lateness of the hour and unusual behavior. See United States v. Smith, 396 F.3d 579, 587 (4th Cir. 2005); United States v. Slocumb, 804 F.3d 677, 682-83 (4th Cir. 2015).

## V. DISCUSSION

After reviewing for clear error and finding none, the Court adopts and incorporates by reference all portions of the R&R to which no objection was made. Further, having conducted a de novo review of the record and the R&R in light of Mr. Washington's objection, the Court concludes that his motion to suppress is without merit.

Mr. Washington argues in his objection that the magistrate judge erroneously concluded that Officer Cunningham had reasonable suspicion to detain Mr. Washington in the parking lot of Burger King as he attempted to enter his taxi. [ECF No. 41 at 4]. All findings challenged by the objection will be reviewed de novo. 28 U.S.C. § 636(b)(1).

### A. Objection: Reasonable Suspicion

Upon assessing the totality of the circumstances to determine whether "an objectively reasonable police officer" would have had

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 10 of 18   PageID #: 507

**Taylor Washington**                                                                                          **1:20-cr-50**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

reasonable articulable suspicion that Mr. Washington was committing a crime at the time he was seized by Officer Cunningham, the Court overrules Mr. Washington's objection and finds that Officer Cunningham had articulable reasonable suspicion to detain Mr. Washington on July 5, 2020.

> 1. **The 911 call made by Ms. Casto was non-anonymous, provided the requisite basis of knowledge, and was sufficiently corroborated to provide reasonable suspicion for the officers to make the investigatory stop that led to Mr. Washington's detainment.**

First, Mr. Washington argues in his objection that the Court erroneously concluded that the 911 call by Ms. Casto was non-anonymous because, as far as Officers Cunningham and Carey knew, the 911 caller was anonymous at the time of the detention. In support of this contention, Mr. Washington argues that Officer Carey did not know information about the 911 caller, such as whether the caller worked at the Super 8 Motel or was a patron of the motel. [ECF No. 41 at 4-5]. The Government responded in opposition to this argument, stating that while dispatch did not relay Ms. Casto's name to the officers, it did relay "crucial information," which would enable the officers to ascertain her identity. [ECF No. 43 at 7].

The United States Supreme Court has explained that "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity." Alabama v. White, 496 U.S. 325, 329 (1993).

Case 1:20-cr-00050-TSK-MJA Document 74 Filed 07/29/21 Page 11 of 18 PageID #: 508

**Taylor Washington** 1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

However, an anonymous tip if sufficiently corroborated can display "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." United States v. Mitchell, 963 F.3d 385, 392 (4th Cir. 2020) (quoting White, 496 U.S. at 329). Therefore, "police observation of an individual, fitting a police dispatch description of a person involved in a disturbance, near in time and geographic location to the disturbance establishes a reasonable suspicion that the individual is the subject of the dispatch." Id. at 391 (quoting United States v. Lenoir, 318 F.3d 725, 729 (7th Cir. 2003)).

Both Mr. Washington and the Government rely on United States v. Kehoe in their briefs. The Court of Appeals for the Fourth Circuit in Kehoe, upon finding that the officers had reasonable suspicion of ongoing criminal activity when they seized Defendant Kehoe, discussed the reliability of anonymous callers. United States v. Kehoe, 893 F.3d 232 (4th Cir. 2018). "Courts generally presume that a citizen-informant or a victim who discloses his or her identity and basis of knowledge to the police is both reliable and credible." Id. at 238. The Court described an anonymous caller as someone who is an "unknown, unaccountable informant who neither explained how he knew" the information "nor supplied any basis for believing he had inside information." Id. (quoting Florida v. J.L., 529 U.S. 266, 271 (2000). Finding the caller non-anonymous, the

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34], DENYING MOTION TO SUPPRESS [ECF NO. 27], AND OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

Kehoe Court stated information such as a first name and phone number of the caller, and the basis of the caller's knowledge, supported the caller's identity and therefore the non-anonymity, and is crucial information to ascertain a caller's identity. Specifically, the information provided in the 911 call in Kehoe was "that a white male wearing a blue-and-white striped shirt was at RJ's, carrying a concealed weapon, and drinking." Id. at 239. The Court went on and reasoned that even if this information would not have provided reasonable suspicion for the officers, the "officers corroborated several key facts from the [] caller's tip *before* they seized Kehoe," such as matching the description to Kehoe himself, Kehoe being the only patron who matched the description at the bar, and speaking to a bartender who stated that several patrons had reported a person matching Kehoe's description carrying a concealed weapon in the bar. Id. (emphasis in original).

Here, taking in the totality of the facts and circumstances from testimony and exhibits introduced into evidence surrounding the detention of Mr. Washington, this Court finds that there was reasonable suspicion for Officer Cunningham to detain Mr. Washington, such that the detention was lawful and evidence resulting therefrom and giving rise to the Indictment should not be suppressed. Because multiple factors may together create a

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 13 of 18   PageID #: 510

**Taylor Washington**                                                                 1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

reasonable suspicion even where each factor, taken alone, would be insufficient, here, factors that collaborate Ms. Casto's 911 call and the CAD report such as, Mr. Washington, a black male was in the vicinity of the Super 8 Motel when the officers arrived, Ms. Odell-Minor, a white female, was in the same vicinity, and each attempting to leave the motel, supply adequate support for the officers to detain Mr. Washington. Officer Cunningham testified that upon speaking with Mr. Washington, and noticing his nervous behavior, quickened speech, and sweat, and seeing a Crown Royal bag string hanging off his person, conducted a search of Mr. Washington's person. Such information, the subjects, their location, which sufficiently corroborate the 911 caller information, and Mr. Washington's evasive behavior, was sufficient information for the officers to investigate and thereafter detain Mr. Washington.

Ms. Casto herself, providing the basis of her knowledge, witnessed the alleged domestic dispute firsthand, and therefore had the required basis of knowledge. As the Government points out, Clarksburg Police Department officers had initially responded to the 911 call by going to the Days Inn Eastpointe, because Ms. Casto, being employed at both the Days Inn and the Super 8 Motel, inadvertently advised the wrong hotel. [ECF No. 30-2 at 20]. After the officers who arrived at the Days Inn determined the clerk at

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 14 of 18   PageID #: 511

**Taylor Washington**                                                                  1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

the Days Inn did not call 911, dispatch returned Ms. Casto's call to confirm her location, which she corrected was the Super 8 Motel. [ECF No. 30-2 at 20]. Therefore, under Kehoe, Officers Cunningham and Carey, having received such crucial information that a clerk at the Super 8 Motel had called 911 and reported the information given in the CAD report, the officers were entitled to rely on the 911 caller information, in addition to the information they adduced at the scene.

2. **Ms. Casto reported criminal activity in the 911 call such that it was reasonable for Officer Cunningham to investigate the scene.**

Mr. Washington asserts that Officer Cunningham lacked reasonable suspicion because the 911 call did not allege criminal activity. [ECF No. 41 at 6]. This Court is unaware of any authority which requires a 911 caller to specifically identify the elements of a codified crime, especially when the conduct alleged is indicative that criminal activity may be afoot. See United States v. Perkins, 363 F.3d 317, 326 (4th Cir. 2004) ("Officers are not required under Terry to have reasonable suspicion of ongoing illegal activity in order to make investigative stops. Indeed, the very point of Terry was to permit officers to take preventive action and conduct investigative stops before crimes are committed, based on what they view as suspicious—albeit even legal— activity.") (emphases omitted); see also United States v. McCants,

Case 1:20-cr-00050-TSK-MJA Document 74 Filed 07/29/21 Page 15 of 18 PageID #: 512

**Taylor Washington** 1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

952 F.3d 416, 423 (3d Cir. 2020) (rejecting argument "that '[n]o reasonable officer would have stopped and frisked' [the defendant] based on an allegation of ongoing domestic violence when [the alleged victim], showed no signs of injury" and stating that "[t]he absence of corroborative evidence . . . did not negate the reasonable suspicion created by the 911 call" (citing Navarette v. California, 572 U.S. 393, 403-04 (2014)), cert. denied, 141 S. Ct. 431, 2020 WL 5883696 (U.S. Oct. 5, 2020).

Ms. Casto's 911 call information and CAD report provided to the officers prior to their arrival at the scene included that there was a black male screaming and yelling at a white female on foot, and that the male was not allowed on site at the Super 8 Motel due to a previous drug use. [ECF No. 46 at 38:2-13]. Ms. Casto herself, again providing the basis of her knowledge, witnessed the alleged domestic dispute. Because a brief detention for investigative purposes is reasonable if an officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot," the detention of Mr. Washington and evidence discovered thereafter was reasonable in the totality of circumstances. Terry, 392 U.S. at 30 (emphasis added); see also Turmon v. Jordan, 405 F.3d 202, 205 (4th Cir. 2005).

Case 1:20-cr-00050-TSK-MJA Document 74 Filed 07/29/21 Page 16 of 18 PageID #: 513

**Taylor Washington** 1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

### 3. The officers were entitled to investigate the alleged ongoing criminal conduct.

Like Mr. Washington's other arguments in support of his objection, the Court finds his assertion unconvincing that the officers were investigating a completed misdemeanor as opposed to ongoing criminal conduct, and that such detention was unconstitutional on those grounds. [ECF No. 41 at 9]. As stated above, a brief detention for investigative purposes is reasonable if an officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Terry, 392 U.S. at 30; see also Turmon v. Jordan, 405 F.3d 202, 205 (4th Cir. 2005). While Ms. Casto related allegations of Mr. Washington screaming and yelling at Ms. Odell-Minor on the 911 call, the nature of Office Cunningham's investigation changed upon his conversation with Mr. Washington which led to Officer Cunningham's discovery of drugs and drug paraphernalia on his person. [ECF No. 46 at 60:11-61:9]. Further, this Court has already found that such detention and search of Mr. Washington's person upon his evasive behavior and possession of the Crown Royal bag was lawful. While there is no dispute that Officers Cunningham and Carey were responding to a 911 call alleging domestic violence, there is no requirement that the officers "identify the particular crime of which [the officers] had reasonable suspicion." United

Case 1:20-cr-00050-TSK-MJA   Document 74   Filed 07/29/21   Page 17 of 18 PageID #: 514

**Taylor Washington**                                                                1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

States v. Rodriguez, 836 F. Supp. 2d 1258, 1274 (D.N.M. 2011) (further describing that "the Tenth Circuit demand[s] only that an officer have facts from which a reasonable officer could form a reasonable suspicion that criminal conduct was occurring or was about to occur"). Officers Cunningham and Carey who responded to the scene believed it was an ongoing domestic dispute and, under the totality of the circumstances, were entitled to investigate the scene by briefly detaining Mr. Washington and asking him questions. That investigation may have started in response to a potential domestic dispute but the "totality of the circumstances" changed and evolved. The circumstances, however, never lost the indicia of reasonable suspicion that criminal activity of some sort may be afoot. Therefore, because Officer Cunningham was reasonable to conclude in light of his experience that criminal activity may be afoot, he was entitled to investigate. Terry, 392 U.S. at 30.

## VI. CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the magistrate judge's Report and Recommendation in its entirety [ECF No. 34], **DENIES** Defendant's Motion to Suppress [ECF No. 27], and **OVERRULES** Defendant's Objection [ECF No. 41] to the Report and Recommendation.

It is so **ORDERED.**

Case 1:20-cr-00050-TSK-MJA Document 74 Filed 07/29/21 Page 18 of 18 PageID #: 515

Taylor Washington                                                    1:20-cr-50

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 34],
DENYING MOTION TO SUPPRESS [ECF NO. 27], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 41]**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

**DATED:** July 29, 2021

    /s/ Thomas S. Kleeh
    THOMAS S. KLEEH
    UNITED STATES DISTRICT JUDGE